## KOOGLER v KOOGLER et

Ohio Appeals, 2nd Dist, Greene Co

No 371.   Decided Jan 5, 1933

Frank L. Johnson, Xenia, and L. T. Marshall, Xenia, for plaintiff in error.

Miller & Finney, Xenia, for the Independent Order of Odd Fellows.

## OPINION

By KUNKLE, J.

The case presents an interesting question upon which counsel have favored the court with briefs containing the citation of a number of authorities.

The plea in abatement was sustained by the lower court upon the theory that Mad River Lodge No. 243 of the Independent Order of Odd Fellows was a partnership and that one partner could not sue another.

We have made some independent investigation of this interesting question which counsel present, but neither our examination nor that made by counsel produced a decision of any Ohio court directly upon the question.

From an examination of the authorities cited by counsel as well as from our own examination we are inclined to the opinion that the weight of authority as well as the better reasoning would permit a member of a fraternal organization to bring suit against such organization for a tort when such organization is formed not for profit. It must be kept in mind that this action is one for tort for the negligence of the defendant in the injury complained of.

Sec 9462, GC, provides that,

"Any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries and not for profit and having a lodge system with ritualistic form of work and representative form of government and which shall make provision for the payment of benefits in accordance with §5 hereof is hereby declared to be a fraternal benefit society."

Sec 10060, GC, provides that,

"Such an association or society may sue or be sued, answer or be answered unto, plead or be impleaded in any court in this state."

In the case of **The State of Ohio ex v Slavonska Lipa et, 28 Oh St, 665,** our Supreme Court recognizes the rights of the plaintiff in that case to sue for the recovery of damages for wrongful expulsion from the order.

In the case of **Myers et v Jenkins, Admr., 63 Oh St, 101,** the 5th paragraph of the syllabus is as follows:

"5. If the lodge refuses or neglects upon proper demand to have the right to such benefits determined in substantial accordance with the laws of the order, or refuses to pay such benefits after the same have been awarded to such member, then such member may sue in the civil courts for the recovery of such benefits."

This was an action against the Trustees etc. of a lodge of the Independent Order of Odd Fellows, and the decision recognizes the right of a member to sue the lodge under certain circumstances.

In the case of **Fraternal Mystic Circle v State ex, 61 Oh St 628,** the court recognizes the right of an expelled member to sue for damages for the unlawful expulsion of such member from such organization.

In the **8th Oh Ap Court Rep. at page 1,** in the case of **Zanesville Lodge No. 867 Loyal Order of Moose v Fluharty,** the right to sue the Lodge for its failure to pay certain benefits under the circumstances disclosed by the case is approved.

In the 19th Vol. of Ruling Case Law, at page 1314 (Par. 103), the rule is announced as follows:

"With respect to their torts, benevolent and beneficial associations are under the same liability as any other group of individuals whether corporate or incorporate. Thus the officers of an incorporate subordinate lodge of a fraternal beneficiary order may be found by the jury to have been acting. while conducting initiation ceremonies, as the agents of the supreme body, a foreign corporation, and within the scope of their authority to such an extent as to render the supreme body liable for an injury to a person being initiated, where the injury results from an act specifically prescribed and injoined by the ritual prepared by the supreme body." etc.

58

In Corpus Juris, Vol. 5, p. 1374 (Par. 134), the rule is announced as follows:

"It is commonly said that, since an unincorporated association is in legal effect a mere partnership, the common law rule forbidding actions between partners on partnership demands applies to actions between such associations and the members thereof. This statement however, seems too broad, since all associations are not partnerships. The rule undoubtedly applies to associations formed for business purposes, but a noncommercial association is in no sense a partnership, and accordingly it may sue a member thereof or be sued by him."

In the case of Malmsted v Minneapolis Aerie, Fraternal Order of Eagles, reported in 126 N.W. Reporter, page 486, and being a decision by the Supreme Court of Minnesota, it was held that the plaintiff was entitled to recover damages as against the said Lodge, and also the Grand Lodge for wrongful expulsion. This was an action in tort and the Supreme Court sustained recovery by the plaintiff below.

In the case of Lahiff v St. Joseph's Total Abstinence and Benevolent Society, the Supreme Court of Connecticut, in the case reported in 57 Atlantic Reporter, page 692, held that:

"A member of an unincorporated association, wrongfully expelled, may sue for damages, and is not remitted to mandamus to compel reinstatement."

In the case of Thompson v Supreme Tent of Knights of Maccabees of the World, in a case reported in the 82 NE Reporter, page 141, the Court of Appeals of New York held that the Order was liable for personal injuries sustained by reason of initiation by officers of a subordinate tent, the officers of which were by such ritual required to do the acts which caused the injury.

We concede that this case is not entirely free from doubt but from our consideration of the question we are of opinion that an unincorporated fraternal organization, organized not for profit may be sued by one of the members thereof for a tort committed by such association.

Entertaining these views it follows that the demurrer to the plea in abatement should have been sustained instead of being overruled. The judgment of the lower court will therefore be reversed and cause remanded.

ALLREAD, PJ, and HORNBECK, J, concur.